JOHN JONES, appellant from the decision of Judge of Probate, *vs.* SIMON TEBBETTS.

A minor son of a legatee, also named as executor in a will, may be a competent witness to its execution under R. S., c. 74, § 1, as amended by Public Laws of 1859, c. 120.

ON FACTS AGREED.

APPEAL from a decree of the judge of the probate for this county, admitting to probate a certain instrument dated Jan. 26th, 1867, purporting to be the last will and testament of one Susan Jones, deceased, in which Simon Tebbetts is therein named as executor and legatee of one-fourth part of the estate of the deceased.

It was agreed that Simon Tebbetts was a brother of the deceased, that two of three subscribing witnesses to the will were the children of Simon Tebbetts, and that one of them was a minor of the age of twenty years.

If either of these witnesses was an incompetent subscribing witness to the will by reason of age or being a child of Simon Tebbetts, legatee, and executor of the will, then the decree of the judge of probate was to be reversed; otherwise the case to stand for trial.

*W. J. Copeland*, for the appellant, cited *Smith* v. *Thwaite*, 1 Raym. 91; *Hatfield* v. *Thorpe*, 5 B. & Ald. 589; *Austey* v. *Downing*, 2 Strange, 1253; *Winslow* v. *Kimball*, 25 Maine, 493.

*Asa Low*, for the defendant, cited *Nash* v. *Reed*, 46 Maine, 168; *Jones* v. *Larrabee*, 47 Maine, 474; *Warren* v. *Baxter*, 48 Maine, 193; *Hawes* v. *Humphrey*, 9 Pick. 350; *Haven* v. *Hilliard*, 23 Pick. 10; *Carlton* v. *Carlton*, 40 N. H. 14; Redfield on Wills, 253, 254, and 255, and cases cited.

APPLETON, C. J. By R. S., 1857, c. 74, § 1, "a person of sound mind, and of the age of twenty-one years, may dispose of his real and personal estate by will, in writing, signed by him, or by some person for him, and at his request, and in his presence, and subscribed in his presence by three disinterested and credible attesting witnesses."

By an act approved April 4, 1859, c. 120, the above section was amended so that it reads as follows: "a person of sound mind and of the age of twenty-one years, may dispose of his real and personal estate by will, in writing, signed by him, or by some person for him, and at his request, and in his presence, and subscribed in his presence by three credible attesting witnesses, not beneficially interested under the provisions of the will."

The words "not beneficially interested under the provisions of the will" were inserted in lieu of the word "disinterested."

The object of this change was probably to authorize the attestation of a will by executors or trustees, they not being "beneficially interested," under its provisions, as devisees or legatees. It was to remove doubts. It was to enlarge, rather than to restrict the rules of evidence.

The will in controversy is attested by the children of Simon Teb-

betts, who was named executor therein and was a legatee. But his children are not beneficially interested under the provisions of the will. There is no devise nor legacy to them. The beneficial interest of the father is not the beneficial interest of the son. The interest contemplated was direct, not remote and contingent.

All who are credible, that is competent witnesses, provided they are not beneficially interested under the provisions of a will, may attest its éxecution. The statute imposes no restriction as to age. The court have no power to impose any, or to adopt any rule other than that prescribed by the statute. A minor, not beneficially interested under the provisions of a will, may be an attesting witness thereto, precisely to the extent that he is a witness generally. *Carlton* v. *Carlton*, 40 N. H. 14.

*The case to stand for trial.*

CUTTING, KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.