In the Matter of the Estate of HARRY TANNENBAUM, Deceased.

Surrogate's Court, New York County, March 22, 1935.

*Irving Dolen,* for the petitioner, Fannie Tannenbaum.

*David Schwiller,* for the contestants.

FOLEY, S. The validity of the execution of the instrument offered as a will has been established by the evidence. The testamentary capacity of the testator has been proven and the objection to the will on the ground of undue influence was withdrawn upon the trial by the contestants. The sole ground of invalidity urged by the contestants is the fact that one of the two subscribing witnesses was an infant at the time she attested the will. When she signed the paper she was a few months under the age of seventeen years. She was a stenographer employed by the attorney who drafted the instrument. There is no statutory requirement in this State that a subscribing witness shall have attained his or her majority. One who is under the age of majority may act and minority is not a disqualification. (David's New York Law of Wills, p. 536.) The pertinent rule is stated in Page on Wills ([2d ed.] p. 487): "As far as age was concerned, any person who was old enough to receive a just impression of the facts of execution, and to relate them truthfully and with a reasonable degree of accuracy, could act as an

attesting witness to a will." (*Carlton* v. *Carlton*, 40 N. H. 14; *Jones* v. *Tebbetts*, 57 Me. 572; *Spier* v. *Spier*, 99 Neb. 853; 157 N. W. 1014.)

The limitations on the age of the subscribing witnesses to wills and the question of competency appear to be no different from the tests applied to infant witnesses actually called to the stand in the trials of actions or proceedings. The subscribing witness is always a prospective witness upon the trial of a possible probate contest. Even where there is no contest, he is usually examined to ascertain whether the will should be admitted to probate. Testators, even in the absence of older persons, would scarcely employ a child of very tender years as a subscribing witness. In certain cases, it might be necessary to use an infant of reasonable age as the requisite second subscribing witness. In other cases the fact of infancy might not be disclosed. In any event infancy of the witness is not sufficient by itself to invalidate the will. The credibility of the infant witness is, of course, open for the determination of the trier of the facts. The test of the competency should depend upon the capacity or intelligence of the child, his appreciation of the difference between truth and falsehood and an understanding of the obligations of an oath. (Richardson Ev. [4th ed.] p. 331.)

The infant witness here was keen and intelligent and her testimony was convincing. The will is admitted to probate.

Submit decree on notice accordingly.